Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000854
28-SEP-2017
08:15 AM

NO. CAAP-14-0000854

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
VICENTE KOTE KAPIKA HILARIO, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 12-1-0481)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

Plaintiff-Appellee State of Hawaiʻi (State) charged
Defendant-Appellant Vicente Kote Kapika Hilario (Hilario) by
indictment as a principal and/or accomplice with place to keep
pistol or revolver (Counts 2 and 3); carrying or possessing a
loaded firearm on a public highway (Counts 4 and 5); promoting a
dangerous drug in the second degree for possession of twenty-five
or more tablets of oxycodone (Count 6); and promoting a dangerous
drug in the third degree for possession of cocaine (Count 7).
The trial in this case took place after a trial in a separate
prosecution in which Hilario was found guilty of first-degree
murder, retaliating against a witness, intimidating a witness,
and bribery of a witness. State v. Hilario, 139 Hawaiʻi 546, 394
P.3d 776 (Hawaiʻi App. 2017) (Hilario I), cert. denied, SCWC-13-
0003039, 2017 WL 3725667 (Aug. 29, 2017).

The jury in this case found Hilario guilty as charged on all counts. At sentencing, the State conceded that Counts 4 and 5 merged into Counts 2 and 3. The Circuit Court of the Fifth Circuit (Circuit Court)[1] sentenced Hilario to ten years of imprisonment on Counts 2, 3, and 6 and to five years of imprisonment on Count 7. The Circuit Court imposed these terms of imprisonment to run concurrently with each other but consecutively to any other terms that Hilario was already serving. The Circuit Court entered its Judgment on April 28, 2014.

On appeal, Hilario contends that the Circuit Court violated Hawai'i Rules of Penal Procedure (HRPP) Rule 43 (2012)[2] and denied him the right to a fair trial by denying his request "to hear and observe the individual questioning of jurors at the bench during jury selection." Hilario also contends that there was insufficient evidence to support his convictions.

Consistent with our analysis in Hilario I, we conclude that the sidebar procedure followed by the Circuit Court, which precluded Hilario from both hearing and observing the demeanor of prospective jurors when they were questioned at sidebar, violated Hilario's right to be present under HRPP Rule 43. Hilario I, 139 Hawai'i at 552-56, 394 P.3d at 782-86. We further conclude that there was sufficient evidence to support Hilario's convictions. We therefore vacate Hilario's convictions and remand the case for a new trial.

I.

On August 24, 2010, a "Be On the Lookout" alert or an "All Points Bulletin" issued by the Kaua'i Police Department (KPD) was in effect for a gray Nissan Altima, with a specified

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] HRPP Rule 43(a) provides:

(a) Presence required. The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.

(Emphasis added.)

license plate number. That evening, at about 8:30 p.m., Officer Damien Loo (Officer Loo), who was driving a marked KPD patrol car, saw this Nissan Altima in a parking lot. Officer Loo notified other units in the area and began following the Nissan Altima as it left the parking lot.

After Officer Loo had followed the Nissan Altima for a while, it slowed down, and a male, later identified as Kyle Akau (Akau), carrying a dark or black backpack, jumped out from the front passenger door while the car was still moving. Akau was barefoot, wearing a dark shirt, dark shorts, and a baseball cap. Officer Loo activated his police lights and siren, and the Nissan Altima came to a stop. Officer Loo remained with the Nissan Altima, notified other officers of the fleeing suspect, and providing a description of the man fleeing.

Hilario was the person driving the Nissan Altima, which Hilario's grandmother had purchased for him in July 2010. Hilario had chosen the Nissan Altima, which was a 2006 model, and Hilario was the person who drove the Nissan Altima most of the time. Officer Loo arrested Hilario and found that Hilario had $1,472.03 in cash on his person.

While Officer Loo remained with Hilario, other officers attempted to apprehend Akau. Officer MacKenzie Metcalfe (Officer Metcalfe) eventually found Akau hiding behind a bush and arrested him. Akau had $21.06 on his person. The backpack Akau had been carrying was recovered about fifteen yards from where Akau was hiding from underneath what appeared to be an abandoned structure.

Inside the backpack, the police found loaded firearms, additional ammunition, drugs, and documents and items linked to Hilario. In the main compartment of the backpack, the police recovered a Skullcandy brand bag within a Fox brand t-shirt. In the Skullcandy bag there were five .22 caliber bullets and a red bandana. The red bandana contained a Jennings .22 caliber semi-automatic pistol, loaded with a magazine that contained six

rounds of ammunition. In the Fox t-shirt, there was also a 100-bullet capacity box that contained eight .22 caliber bullets. In a Hurley brand t-shirt inside the backpack, the police recovered a Colt .45 caliber revolver loaded with four rounds of ammunition.

In the main compartment of the backpack, the police found a pay statement for a check dated August 20, 2010, in the name of "Vincente K Hilario," issued by Bouchons restaurant, where Hilario apparently worked. In that compartment, the police also found Aston Hotel receipts for "Vicente Hilario" for a hotel stay from August 17 to 21, 2010, and a camping permit for "Vincente K K Hilario" for Anini Beach Park for periods between July 25 and August 10, 2010. In the backpack, the police recovered three Aston room card keys and a key tag for a 2006 Nissan Altima. From the outside net pocket of the backpack, the police recovered "clocking receipts" for "Vincent Hilario," for a job identified as "cook," which included various dates in July 2010.

From a rear compartment of the backpack, the police recovered an unlabeled green medicine bottle containing 123 oxycodone pills. The police also recovered two additional loose oxycodone pills from the backpack. From a rear compartment of the backpack, the police recovered a baggie that contained cocaine residue.

The firearms recovered from the backpack were test-fired and found to be operational. The Jennings .22 caliber pistol was not registered in Hawai'i and the Colt .45 caliber revolver had been reported stolen. Neither Hilario nor Akau had a permit to acquire a firearm or a permit to carry a firearm in the County of Kaua'i, and neither of them had any firearms registered to them in Hawai'i. The police did not recover Hilario's fingerprints or Akau's fingerprints from any of items in the backpack.

4

II.

We resolve the issues raised by Hilario on appeal as follows:

A.

The sidebar procedure followed by the Circuit Court in this case was virtually the same procedure that we found deficient in Hilario I. As in Hilario I, the Circuit Court in this case conducted the vast majority of the questioning of the prospective jurors at sidebar; the Circuit Court denied Hilario's specific request to be present at sidebar; Hilario was not able to hear the questioning of the jurors at sidebar, and his request for headphones to allow him to listen to the sidebar discussions was denied on the ground that the court lacked this capability;[3] although the Circuit Court permitted Hilario's counsel to shuttle back and forth between the sidebar and Hilario to explain what was occurring at sidebar, Hilario complained that he could not observe the jurors' demeanor and evaluate the manner in which they answered; and the Circuit Court did not articulate any safety or security concerns particular to Hilario as justifying the limitations it imposed on Hilario's participation in and access to the sidebar discussions. Similar to Hilario I, a significant number of jurors who where questioned at sidebar and discussed matters relevant to their potential bias and prejudice ended up serving on Hilario's jury. These jurors discussed matters at sidebar that included exposure to pretrial publicity, concerns about the nature of the case, knowledge of witnesses identified by the State, and relationships with law enforcement. In addition, the evidence in this case was not overwhelming.

Under these circumstances, based on our analysis in Hilario I, we conclude that the sidebar procedure used by the Circuit Court in this case violated Hilario's right to be present under HRPP Rule 43, and that the Circuit Court's error was not

---

[3] It is not clear from our opinion in Hilario I whether Hilario asked in that case for headphones to allow him to listen to the sidebar discussions.

harmless beyond a reasonable doubt.  Hilario I, 139 Hawaiʻi at 552-56, 394 P.3d at 782-86.

B.

Hilario argues that there was insufficient evidence to prove that he had constructive possession of the firearms and drugs contained in the backpack.  We disagree.

"To support a finding of constructive possession the evidence must show 'a sufficient nexus between the accused and the [item in question] to permit an inference that the accused had both the power and the intent to exercise dominion and control over the [item].'"  State v. Mundell, 8 Haw. App. 610, 622, 822 P.2d 23, 29 (1991) (citation omitted), overruled on other grounds by State v. Jenkins, 93 Hawaiʻi 87, 997 P.2d 13 (2000).  When viewed in the light most favorable to the prosecution, State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that the State presented sufficient evidence of a nexus between Hilario and the firearms and drugs in the backpack to support an inference that Hilario had the power and intent to exercise dominion and control over the firearms and drugs.

III.

Based on the foregoing, we vacate the Circuit Court's Judgment and remand the case for a new trial.

DATED: Honolulu, Hawaiʻi, September 28, 2017.

On the briefs:

Keith S. Shigetomi
for Defendant-Appellant.

Tracy J. Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Lawrence M Reifurth
Associate Judge

Associate Judge

6